**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4392**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

HERCULANO ALBARRAN-MARTINEZ, a/k/a El Nene, a/k/a Oscar
Hernandez,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.    Richard L.
Voorhees, District Judge.  (5:10-cr-00005-RLV-DCK-1)

───────────

Submitted:  November 30, 2012      Decided:  December 20, 2012

───────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

───────────

Frank A. Abrams, FRANK ABRAMS, PLLC, Asheville, North Carolina,
for Appellant.   Anne M. Tompkins, United States Attorney,
William M. Miller, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herculano Albarran-Martinez pled guilty to conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine and was sentenced to 240 months of imprisonment. On appeal, he raises two issues: (1) whether counsel was ineffective for stipulating to a 240-month sentence; and (2) whether his sentence was reasonable. For the reasons that follow, we affirm in part, and dismiss in part.

Claims of ineffective assistance of counsel are not cognizable on direct appeal, unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). We perceive no ineffective assistance of counsel on the record at this time. Thus, we affirm the appeal of this issue.

Albarran-Martinez has waived appellate review of whether his sentence was reasonable. See Gall v. United States, 552 U.S. 38, 49 (2007) (providing review standard). Albarran-Martinez waived his right to appeal his sentence in his plea agreement. This waiver was specifically reviewed at his plea hearing, which otherwise complied with Fed. R. Crim. P. 11.

2

Under these circumstances, we conclude that he has waived appellate review of this issue as argued by the Government on appeal.  See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (noting that a defendant may waive his right to appeal if that waiver is a knowing and intelligent decision to forgo the right to appeal).  Accordingly, we dismiss the appeal of this issue.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART